HARRIS, APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLANTS.
ARNOTO, APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLANTS.

[Cite as Harris *v.* Ohio Bur. of Emp. Serv. (1990), 51 Ohio St. 3d 37.]

(Nos. 88-2030 and 88-2031—Submitted January 9, 1990—Decided May 9, 1990.)

*Northeast Ohio Legal Services, Cherie H. Howard* and *Pat Booher Rosenthal,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *Sherrie J. Passmore* and *James John Schubert,* for appellant administrator..

*Anne M. Wilhelm* and *Walter J. Mackey,* urging reversal for *amicus curiae,* Ohio Manufacturers' Association.

*Per Curiam.* The determinative issue posed in these consolidated appeals is whether the alcoholism of appellees and its ultimate effect on their respective terminations from employment compel a finding that they were not discharged for "just cause" within the meaning of R.C. 4141.29(D)(2)(a).[1] Under the facts and circumstances of these cases, we find that in spite of appellees' alcoholism, both were dismissed from their jobs for just cause, so we therefore reverse the decisions of the courts of appeals below.

In the instant cases, both of the courts of appeals were of the opinion that except for the fact that the employees were alcoholics, the employer was otherwise justified in discharging the employee in issue. Nevertheless, the appellate courts focused upon the fact that the employees' conduct which led to their dismissals was so affected by their alcoholism that their alcohol-induced conduct should be considered to be involuntary. Both appellate courts relied on this court's decision in *Hazlett* v. *Martin Chevrolet, Inc.* (1986), 25 Ohio St. 3d 279, 25 OBR 331, 496 N.E. 2d 478, wherein alcoholism was found to be a handicap with respect to civil rights statutes, and interpreted the case to mean that alcoholism did not necessarily foreclose a discharged employee from qualifying for unemployment compensation benefits.

In our view, the courts of appeals read more into *Hazlett, supra,* than was intended by this court. As we stated in *Hazlett,* albeit in *dicta,* "[w]here chemical dependency adversely affects job performance an employer is clearly within its rights to discharge the employee." *Id.* at 281, 25 OBR at 333, 496 N.E. 2d at 480. Thus, although alcoholism is considered to be a handicap, the adverse effects that alcohol has on a person's job performance will permit an employer to discharge an employee for just cause, and thereby prevent the employee from obtaining unemployment compensation benefits.

In our view, the record is replete

---

[1] R.C. 4141.29 provides in relevant part:

"(D) * * * [N]o individual may serve a waiting period or be paid benefits * * *:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

with instances illustrating the just cause underlying the discharge of both appellees from their respective employment situations. In Harris's case, there was evidence that she was aware of her alcoholism and admitted it to her employer when confronted about it. In addition, Harris knew she was in danger of losing her job because of her drinking problem, and she had been placed on probation by her employer for poor job performance that was attributable to her drinking problem. Harris's employer encouraged her to seek treatment on several occasions and offered her time off in order to obtain help. However, Harris did not seek treatment for her alcoholism until she was discharged from her employment. In short, Harris's employer did much to warn her about her tenuous employment status and tried to help her through her alcohol addiction. Since his warnings and assistance were essentially ignored, Harris's employer was amply justified in terminating her employment based on her poor job performance.

With regard to Arnoto, we find that his employer was also justified in terminating his employment. While Arnoto may have refused to directly acknowledge that he was an alcoholic, he knew his drinking was adversely affecting his work and he knew his job was in jeopardy. Arnoto testified that he had missed work between twenty-five and thirty times due to hangovers during his employment at Easco. In 1980 or 1981, Arnoto was warned by his union that he was considered to be an alcohol and drug abuser. In addition, the record indicates that Easco disciplined Arnoto twice before firing him. Thus, Arnoto's employer was sufficiently justified in discharging him for breaking the company's policies on drunkenness and tardiness.

In our view, while appellees' condition as alcoholics may be characterized as involuntary, both of them failed to take reasonable steps to prevent their disability from affecting their job performance and, therefore, both employers were justified in terminating the appellees from their respective jobs. Since under R.C. 4141.29(D)(2)(a) an employee who is discharged for just cause is disqualified from receiving unemployment compensation, the courts below erred in creating an exception to this statute which would grant appellees the opportunity to qualify for unemployment compensation benefits.

Accordingly, the judgments of the courts of appeals below are reversed, and the decisions of the Unemployment Compensation Board of Review are hereby reinstated.

*Judgments reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.