CLEVELAND CIVIL SERVICE COMMISSION ET AL., APPELLANTS, *v.*
OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLEES.

[Cite as Cleveland Civil Serv. Comm. *v.* Ohio Civil Rights Comm. (1991), 57 Ohio St. 3d 62.]

(No. 89-1522—Submitted October 3, 1990—Decided January 16, 1991.)

64

*Craig S. Miller,* director of law, and *Janet E. Burney,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Charles E. Cook,* for appellee Ohio Civil Rights Commission.

*George W. Macdonald,* for appellee Ronald Patterson.

*Calfee, Halter & Griswold, John E.*

*Gotherman* and *Stanley J. Dobrowski*, urging reversal for *amicus curiae*, Ohio Municipal League.

MOYER, C.J. In the absence of a legally significant reason for discrediting a determination of the Ohio Civil Rights Commission, a common pleas court must give due deference to the commission's resolution of evidentiary conflicts. *Plumbers & Steamfitters Joint Apprenticeship Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 20 O.O. 3d 200, 421 N.E. 2d 128; *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 17 O.O. 3d 65, 407 N.E. 2d 1265. Our review of this case is therefore limited to determining whether the common pleas court abused its discretion in affirming the commission's finding that unlawful discrimination occurred. *Columbus Mun. Civil Serv. Comm.* v. *Ohio Civil Rights Comm.* (1985), 23 Ohio App. 3d 178, 180, 23 OBR 421, 423-424, 492 N.E. 2d 482, 485. We conclude that there is a legally significant reason to reverse the commission's order and therefore that the common pleas court abused its discretion.

The city contends in its first proposition of law that the commission improperly excused Patterson's poor work history because that history may have been attributable to his alcoholism. We find merit in this argument.

A distinction must be drawn in these cases between a person's status as a recovering alcoholic and his or her poor work history, some of which may be attributed to alcoholism. In *Hazlett* v. *Martin Chevrolet, Inc.* (1986), 25 Ohio St. 3d 279, 25 OBR 331, 496 N.E. 2d 478, this court held that alcoholism is a handicap for purposes of R.C. Chapter 4112. However, the court made it clear that an employer may discharge an employee "[w]here

chemical dependency adversely affects job performance * * *." *Id.* at 281, 25 OBR at 333, 496 N.E. 2d at 480. This principle was recently reiterated in *Harris* v. *Ohio Bur. of Emp. Serv.* (1990), 51 Ohio St. 3d 37, 553 N.E. 2d 1350, after the commission in this case made its finding against the city. In *Harris,* we stated that "the adverse effects that alcohol has on a person's job performance will permit an employer to discharge an employee for just cause, and thereby prevent the employee from obtaining unemployment compensation benefits." *Id.* at 40, 553 N.E. 2d at 1353. These cases recognize that alcoholism is a handicap, but that misbehavior attributable to alcoholism nevertheless may be properly considered by an employer in discharging an employee.

Although not a discharge case, the basic distinction recognized in *Harris* is applicable to this case. Patterson's work history and background had many undesirable aspects that could have caused Safety Director Turner to remove Patterson from the eligibility list. We note in particular that Patterson's history of arrests, his conviction for disorderly conduct, and his "excessive" absenteeism all could have been properly relied on by Turner. Discrimination based on an arrest record or on a record of absenteeism is not discrimination "because of * * * handicap" under R.C. 4112.02(A). We conclude that misconduct or absenteeism of a prospective employee, even if attributable to alcoholism, may be considered by an employer in making its hiring decision, so long as the same neutral criteria are applied to handicapped and nonhandicapped persons alike.

We note here that the commission's role in this case was to determine whether handicap affirmatively played a role in Turner's decision, not

whether Turner erroneously relied on other, nondiscriminatory factors. *Plumbers & Steamfitters Joint Apprenticeship Commt., supra,* at 199, 20 O.O. 3d at 204, 421 N.E. 2d at 133, quoting *Williams* v. *Yazoo Valley-Minter City Oil Mill, Inc.* (N.D. Miss. 1978), 469 F. Supp. 37, 49 (" 'Even if the employee is discharged unnecessarily or in error, the employer is not guilty of racial discrimination, unless plaintiff proves that he was treated differently on account of his race * * *.' ").

In reviewing the commission's order, we conclude that the commission improperly discounted Patterson's history of absenteeism because the absenteeism may have been attributable to alcoholism. In discussing a document that detailed Patterson's poor work history and background, the commission stated:

"* * * The Summation also indicated that Complainant was currently employed by the County Sheriff's Department as a corrections officer and had a record of excessive sick time usage. It indicated he spent 28 days in Brecksville Hospital for an unknown ailment. (The report did not identify the date of these absences or the date of his participation in the alcoholism treatment program in Brecksville. *Nor did the report indicate whether Complainant's absences occurred before, during, or after, his treatment for alcoholism.*)" (Emphasis added.)

In using the emphasized language as it did, the commission apparently thought it relevant that Patterson's absenteeism may have been related to alcoholism. However, we find no relevance in whether Patterson's absenteeism was related to alcoholism. As stated above, even if the absenteeism and alcoholism were related, the city would have been within its rights to consider the absenteeism as a reason not to hire Patterson.

The commission had before it evidence that Turner may have based his decision on Patterson's poor work history, including his absenteeism. The aforementioned language in the commission's order suggests that it incorrectly thought Turner could not have properly relied on those reasons. We therefore find that the commission erred in its analysis of the evidence in this case.

On this record, we cannot hold that the commission's error was harmless. The commission found that Patterson was removed "because of" his alcoholism. However, there was evidence supporting the view that Patterson was removed because of his poor work history and background. In erroneously analyzing the case, the commission may have disregarded this evidence when it instead should have taken it into consideration in determining whether Patterson was removed because of handicap.

Furthermore, we note that the commission made no express finding that Patterson's alcoholism was the sole reason for Turner's decision to remove him from the eligibility list. The commission simply stated that Patterson was removed "because of" his alcoholism. Present case law supports the view that "because of" causation can be found even when handicap was only a factor, rather than the sole factor, in the employment decision. *Miller Properties* v. *Ohio Civil Rights Comm.* (1972), 34 Ohio App. 2d 113, 63 O.O. 2d 169, 296 N.E. 2d 300 (For an act to constitute unlawful discrimination under R.C. Chapter 4112, it need only be proved that the race of the complainant was one factor, rather than the sole basis, of a discriminatory practice.); see, also, *Westerville City Schools* v. *Ohio Civil*

*Rights Comm.* (App. 1980), 1 OBR 312, 315-316.

Consistent with *Miller Properties,* the commission may have found that Patterson's alcoholism and his poor work history were both factors in Turner's decision. When an employer has mixed legitimate and nonlegitimate factors in making its decision, the employer may prove that it would have made the same decision even if it had not considered the nonlegitimate factors. See *Price Waterhouse* v. *Hopkins* (1989), 490 U.S. 228, 104 L. Ed. 2d 268, 109 S. Ct. 1775; *Mt. Healthy City School Dist. Bd. of Edn.* v. *Doyle* (1977), 429 U.S. 274. In this context, the commission's erroneous analysis of the legitimate reasons for removing Patterson may have tainted the determination of whether Turner would have made the same decision even if he had not considered Patterson's alcoholism.

In conclusion, we find that the commission did not properly consider certain aspects of Patterson's work history and that this error was prejudicial. We therefore reverse the judgment of the court of appeals, remand the case to the commission, and instruct it to assess the evidence in a manner consistent with this opinion.

*Judgment reversed and cause remanded.*

HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY, J., dissents.