DECISION
Plaintiff-appellant, Board of Education, Princeton City School District (hereinafter "Princeton"), filed a complaint in the Hamilton County Court of Common Pleas against defendants-appellants Ohio Civil Rights Commission (hereinafter "commission") and Darnez Hill. Princeton sought judicial review of a cease-and-desist order issued by the commission on October 30, 1997. After reviewing the record, the common pleas court overruled Princeton's objections and affirmed the commission's decision. Princeton has timely filed an appeal raising five assignments of error.
 Background
Hill was employed as a school bus driver for Princeton. He had been an employee there since 1988. Pursuant to a union contract, Hill was entitled to three personal days each year. In order to receive a personal day, Hill was required, under the contract, to provide a reason for requesting such a day. Hill requested to use his personal days several times in May 1992. Of relevance here are two requested personal days for maintenance work. Hill's supervisor suspected that Hill was misusing his personal leave based on the fact that Hill had, in the last two years, requested personal days during the month of May, so he decided to investigate Hill's use of personal days. During the course of the investigation, it was discovered that Hill had been using two different identities. Because it was believed that the reasons given for the current requests were false, and that the use of two identities was improper, a predisciplinary hearing was conducted.
On July 16, 1992, following the predisciplinary hearing, Hill was discharged. Hill appealed his discharge to an arbitrator. On November 12, 1992, the arbitrator determined that because Hill was guilty of misuse of personal leave and falsification of documents, the discharge was appropriate.
Hill also filed a complaint against Princeton with the commission, alleging that Princeton had unlawfully discriminated against Hill based on his race. A public hearing was conducted in August 1996. On March 31, 1997, a hearing examiner issued a report with a recommendation in favor of Princeton. The attorney general filed objections to the hearing examiner's report and recommendation, and the commission considered those objections at a meeting in June 1997. After hearing oral arguments, the commission voted to reject the hearing examiner's report. One member of the commission, John Burlew, recused himself from voting. After the hearing, the commission issued a cease-and-desist order rejecting the hearing examiner's report and ordering Princeton to reinstate Hill with back pay. The cease-and-desist order was signed by Commissioners Burlew, Caviness, and Sinha.
Princeton filed a petition for judicial review with the Hamilton County Court of Common Pleas, alleging that it had just cause to terminate Hill and that it had not engaged in unlawful discrimination. Later, Princeton filed an amended complaint with three additional counts alleging that the cease-and-desist order was defective on the following grounds: (1) the order was not executed properly pursuant to R.C. 4112.03; (2) back pay was not supported by the record; and (3) Hill was reinstated to a position for which he was not qualified. After reviewing the record and conducting a hearing, the trial court denied Princeton's appeal from the cease-and-desist order, and this appeal ensued.
 Assignments of Error
We begin by addressing Princeton's first assignment of error, which concerns the appropriate standard of review to be applied with respect to the commission's finding that Princeton had engaged in discriminatory practices. While it is uncontested that the trial court applied the wrong standard of review when deciding Princeton's appeal, the appellees maintain that this was harmless error because the commission's decision was still based on evidence that was reliable, probative, and substantial, as required by R.C. 4112.06(E). We disagree.
Our review of the trial court's judgment is conducted under an abuse-of-discretion standard.[1] Usually, "the term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2] More recently, the Supreme Court of Ohio has stated that when reviewing whether the trial court has abused its discretion in finding that there was reliable, probative, and substantial evidence, we should apply a clearly-erroneous standard and decide whether the trial court has misapplied the law to undisputed facts.[3]
It is uncontested that the correct standard of review to be applied by the trial court when reviewing a decision issued by the commission is found in R.C. 4112.06(E), which provides the following:
 The findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record and such additional evidence as the court has admitted considered as a whole.
"`Reliable' evidence is dependable or trustworthy; `probative' evidence tends to prove the issue in question and is relevant to the issue presented; and `substantial' evidence carries some weight or value."[4]
Here, however, the trial court used the standard of review found in R.C. 4141.28(N)(1),[5] which applies to an appeal from an unemployment compensation commission. Under R.C. 4141.28(N)(1), the trial court may reverse a decision of the unemployment commission where it finds that the decision is "unlawful, unreasonable, or against the manifest weight of the evidence."[6] As this is not an unemployment-compensation appeal, the trial court applied the wrong standard of review; it should have reviewed the commission's decision under R.C. 4112.06(E).
Further, we cannot say that the trial court's application of the wrong standard of review was harmless. Throughout its decision, the trial court stated that it was applying the standard of review set forth in former R.C. 4141.28(O), which is now renumbered R.C. 4141.28(N)(1).[7]
For example, the court stated the following:
 The main issue before this Court, then, is whether the decision of the Ohio Civil Rights Commission, that the claimant was unlawfully discharged based on his race resulting in a cease and desist order requiring both reinstatement and backpay, is unlawful, unreasonable, or against the manifest weight of the evidence.
The trial court only referred to the correct standard of review once, when it reviewed whether Hill had misused personal days; however, this was not sufficient to demonstrate that the trial court intended to use the correct standard of review. Because the trial court's decision is peppered with the incorrect standard and because there is no indication that the court intended to or did in fact apply the correct standard under R.C. 4112.06(E), we hold that the trial court's decision was an abuse of discretion and clearly erroneous, and that Princeton was prejudiced as a result. Accordingly, we sustain the first assignment of error.
In the second assignment of error, Princeton alleges that the trial court erred by failing to consider the "evidence on the record." Specifically, Princeton argues that the trial court improperly relied on a letter from Hill's landlord, which was first introduced at the hearing before the hearing examiner. The letter states that Hill did in fact have maintenance work completed in his apartment on three separate occasions. The letter was not admitted into evidence by the arbitrator or at the hearing examiner's hearing, but it was proffered as evidence at the hearing examiner's hearing.
When a trial court reviews a decision from the commission, the trial court shall consider all the evidence of record.[8] Additionally, the trial court may, in its discretion, receive newly discovered evidence, which could not have been obtained with due diligence prior to the hearing before the commission.[9] In acting as a reviewing court, the trial court may also review whether the commission properly excluded proffered evidence.[10]
Here, the trial court stated the following with respect to the issue of misuse of days:
 The record clearly shows that in the previous two years there was no policy requiring the employee to state the reason(s) for a personal day leave. Only in 1992 was the new personal leave policy implemented and reasons had to be stated. Also there is in evidence a letter dated July 13, 1992 from Hill's landlord. It stated that Mr. Hill did have maintenance work completed in his apartment on three separate occasions for door repair, plumbing and screens. There is no evidence in the record that Hill actually did not have maintenance work done in May, 1992 [sic].
Based on this, it is clear that the trial court considered the proffered letter when determining whether there was evidence in the record supporting the commission's finding that Hill did not misuse his personal days. Although we have already held in the first assignment that the trial court must reconsider this evidence under the standards outlined in R.C. 4112.06(E), we nevertheless hold that the trial court should not have considered the proffered letter because the letter had not been admitted into evidence, and because the trial court had not been asked to review whether the proffered letter had been properly excluded. Thus, based on the existing record, the trial court may not consider the proffered letter on remand.
Additionally, Princeton maintains that the trial court erred in failing to consider the evidence "as a whole." Essentially Princeton maintains that the trial court improperly reviewed the evidence, and that the commission's order was not supported by reliable, probative, and substantial evidence. Because Princeton is raising the same arguments that we considered in the first assignment of error, we rely on our holding made in that assignment. In sum, we sustain this assignment to the extent that the trial court erred in considering the proffered letter, and the remainder of the assignment is rendered moot by our disposition of the first assignment of error.
In the third assignment of error, Princeton asserts that the trial court erred in its application of the law regarding the shifting of burdens in a Title VII case. Princeton maintains that the trial court improperly placed the burden of persuasion on Princeton, and that, as a result, the trial court erred in affirming the commission's decision that Hill was terminated due to unlawful discriminatory practices.
In order to establish discrimination based upon race, the employee has the initial burden of proving, by a preponderance of the evidence, a prima facie case of discrimination.[11] If a prima facie case is established, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's discharge.[12] The burden of persuasion, however, always remains with the employee.[13] If the employer can articulate a nondiscriminatory reason, then the presumption of discrimination raised by the prima facie case is rebutted, and the employee must then prove that the employer's reason for discharge was merely a pretext for discrimination.[14] In proving that the reason proffered by the employer was pretextual, the employee may prove that he was treated differently from other similarly situated employees.[15]
Here, the trial court determined that the evidence supported the commission's finding that Hill had established a prima facie case of discrimination. The court then considered the race-neutral reasons provided by Princeton, which were that Hill had abused his personal leave and that he had falsified documents. In deferring to the commission's findings, the trial court determined that no evidence was presented to support the contention that Hill had misused his personal leave. The court determined that Hill had presented evidence that comparable non-protected employees were treated better. The court also concluded that, with respect to the dual-identity issue, it was within the commission's discretion to accept Hill's explanation relating to the discrepancy in the documents in question, and that the claimed falsification was merely pretextual. Based on this analysis, we cannot say that the trial court improperly placed the burden of persuasion on Princeton.
Princeton also argues that the trial court erred "in its application of the law regarding `comparables.'" As we have already held in the first assignment of error, the trial court applied the wrong standard of review in this case, and it must therefore reconsider whether reliable, probative, and substantial evidence on the entire record supports the commission's finding that Hill's termination was racially motivated. However, when that standard is applied, we advise the court to consider carefully whether the record establishes that Hill provided reliable, probative, and substantial evidence that he was treated differently than the other, allegedly comparable employees. In particular, the court should focus on whether those employees had the same work history as Hill and whether they were actually similarly situated to Hill.
Accordingly, we overrule this assignment of error to the extent that it challenges the trial court's treatment of the burden of proof, and we conclude that the court's discussion of whether Hill had met his burden of persuasion is rendered moot by our holding in the first assignment of error, as all the evidence must be reevaluated under the standard set forth in R.C. 4112.06(E). Moreover, in the application of that standard, we caution the trial court to consider carefully the evidence relating to allegedly comparable employees.
In the fourth assignment of error, Princeton maintains that the trial court erred in finding that its due-process rights had not been violated. Specifically, Princeton argues that because Commissioner Burlew had recused himself from voting at the June 1997 hearing, his signature on the cease-and-desist order could not properly constitute a quorum as required under R.C. 4112.03. In response, the appellees argue that although Commissioner Burlew recused himself from voting, his signature on the cease-and-desist order was an act of the commission as a whole, and that his decision to recuse himself at the hearing had no effect on the cease-and desist-order. We agree with the appellees
R.C. 4112.03 provided that "[t]hree members of the commission shall constitute a quorum for the purpose of conducting business thereof." The business being conducted in the signing of the cease-and-desist order was to put into effect the decision made at the commission's hearing. Because three commissioners constitute a quorum under R.C. 4112.03, and because three commissioners signed the cease-and-desist order here, we remain unpersuaded that there was a violation of Princeton's due-process rights. Accordingly, we overrule this assignment of error.
Finally, Princeton contends that the trial court erred in ruling that Hill was entitled to damages, because no evidence was presented on which to award damages. The commission may award back pay where it determines that an employer has engaged in or is engaging in an unlawful discriminatory practice pursuant to R.C. 4112.05(G)(1), provided that it considers interim earnings. As we have already held, the trial court's decision was an abuse of discretion and clearly erroneous, particularly as it related to upholding the commission's decision that Princeton had engaged in unlawful discriminatory practices. Given that, we are unable at this time to determine whether an award of back pay was appropriate, and we hold that this claim has been mooted by our resolution of the first assignment of error.
 Conclusion
Based on our disposition in the first assignment of error, we reverse the trial court's judgment and remand this case for reconsideration under R.C. 4112.06(E). We urge the trial court to consider carefully the evidence in the record, when determining whether the commission's findings were supported by reliable, probative, and substantial evidence.
 ________________________ Per Curiam
 Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See Ohio Civ. Rights Comm. v. Case Western Reserve Univ. (1996),76 Ohio St.3d 168, 177, 666 N.E.2d 1376, 1385; Cleveland Civil Serv.Comm. v. Ohio Civil Rights Comm. (1991), 57 Ohio St.3d 62, 65,565 N.E.2d 579, 582.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[3] See Ohio Civ. Rights Comm. v. Case Western Reserve Univ.,supra.
[4] Ohio Civ. Rights Comm. v. Case Western Reserve Univ., supra, at 178, 666 N.E.2d at 1385, citing Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303, 1305.
[5] Former R.C. 4141.28(O)(1), amended by Am.Sub.H.B. 509, effective September 21, 2000. We note that the amendment did not affect the substance of this subsection as it relates to the standard of review to be applied to an appeal from the unemployment compensation commission.
[6] R.C. 4141.28(N)(1). See, also, Tzangas, Plakas Manos v. OhioBur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697, 653 N.E.2d 1207,1210.
[7] Am.Sub.H.B. 509, effective September 21, 2000.
[8] R.C. 4112.06(B).
[9] See R.C. 4112.06(D).
[10] See R.C. 4112.06(B); Evid.R. 103.
[11] See St. Mary's Honor Ctr. v. Hicks (1993), 509 U.S. 502, 506,113 S.Ct. 2742, 2747; McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792,802, 93 S.Ct. 1817, 1824; Plumbers Steamfitters Joint ApprenticeshipCommt. v. Ohio Civ. Rights Comm. (1981), 66 Ohio St.2d 192, 197,421 N.E.2d 128, 131-132.
[12] See St. Mary's Honor Ctr. v. Hicks, supra, at 506-507,113 S.Ct. at 2747; McDonnell Douglas Corp. v. Green, supra, at 802-803,93 S.Ct. at 1824; Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civ.Rights Comm., supra, at 197, 421 N.E.2d at 132.
[13] See St. Mary's Honor Ctr. v. Hicks, supra, at 507-508,113 S.Ct. at 2747-2748.
[14] See St. Mary's Honor Ctr. v. Hicks, supra, at 508,113 S.Ct. at 2748, Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civ.Rights Comm., supra, at 198, 421 N.E.2d at 132.
[15] See Plumbers Steamfitters Joint Apprenticeship Commt. v.Ohio Civ. Rights Comm., supra, at 198-199, 421 N.E.2d at 132-133.