OPINION
Plaintiff-appellant, Edward J. Williams, appeals from a judgment rendered by the Mahoning County Common Pleas Court adopting the magistrate's decision which affirmed the conclusion made by defendant-appellee, the Ohio Civil Rights Commission. The decision held that no probable cause existed to support an allegation that defendant-appellee, Volunteers of America, engaged in age discrimination. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
In June 1993, appellant was hired as a part-time maintenance worker by Volunteers of America (VOA) to work in its Youngstown facility. At the time appellant accepted this position, he was sixty-two years of age.
In December 1997, appellant accepted an offer by VOA to temporarily serve as the resident manager of its Massillon facility. This temporary position was to end in March of 1998, with the possibility of renewal at the end of that period.
On March 31, 1998, at the conclusion of such period, VOA decided not to renew appellant's position as resident manager. In addition, appellant was not returned to his former position as a maintenance worker at the Youngstown facility.
As a result, appellant filed an affidavit with the Ohio Civil Rights Commission (OCRC) on May 7, 1998, alleging that he was terminated from employment with VOA due to his age and disability. Thereafter, OCRC conducted an investigation into the matter. On February 18, 1999, appellant was advised that OCRC found no probable cause to support his claim of age discrimination. Appellant responded by filing a timely request for reconsideration. Upon granting appellant's request, the OCRC reaffirmed their previous finding of no probable cause and summarily dismissed the matter.
On March 31, 1999, appellant filed a complaint in the Mahoning County Common Pleas Court seeking judicial review of the OCRC's determination and alleging unlawful discrimination by VOA. The trial court granted a request to bifurcate the issues filed by the OCRC.
Upon a review limited to the finding of no probable cause, the magistrate affirmed the OCRC's determination. On January 14, 2000, the trial court adopted the magistrate's decision. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal alleges:
 "THE COURT ERRED IN AFFIRMING THE CIVIL RIGHTS COMMISSION FINDING OF NO PROBABLE CAUSE."
 STANDARD OF REVIEW
An appellate court serves a limited role in reviewing orders of the OCRC; that role is "to determine whether the trial court abused its discretion in finding there was reliable, probative and substantial evidence to support the [OCRC's] order." Ohio Civ. Rights Comm. v. CaseW. Res. Univ. (1996), 76 Ohio St.3d 168, 177, citing Cleveland Civ.Serv. Comm. v. Ohio Civ. Rights Comm. (1991), 57 Ohio St.3d 62, 65. Abuse of discretion refers to more than a minor error in law or judgment and implies the court was unreasonable, arbitrary or unconscionable in its decision. Ormet Corp. v. Ohio Civ. Rights Comm. (1990), 68 Ohio App.3d 543,546. "A trial court abuses its discretion where its decision is clearly erroneous, that is, the trial court misapplies the law to undisputed facts." Case W. Res., supra at 177, citing Alexander v. Mt. Carmel Med.Ctr. (1978), 56 Ohio St.2d 155.
 LAW AND ANALYSIS
The procedure by which a claim is brought before the OCRC is discussed primarily in R.C. 4112.05 and 4112.06.
Under R.C. 4112.05(B)(1), any person may file a charge in writing and under oath with the OCRC alleging that within the past six months another person has engaged in an unlawful discriminatory practice. When the charge is received by the OCRC, a preliminary investigation may be initiated "to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in." R.C. 4112.05(B)(2).
If, upon such investigation, the OCRC finds that probable cause does not exist to support a finding of discrimination, it shall inform the parties that due to this finding, a complaint will not be issued in the matter. R.C. 4112.05(B)(3)(a)(i). In the event that the OCRC makes such a finding, it will "state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the complaint as to the respondent." R.C. 4112.05(H).
"Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof * * *." R.C. 4112.06(A). The findings of fact reached by the OCRC, based upon the transcript and such additional evidence as the court permits, will not be disturbed by a reviewing court if such findings are supported by reliable, probative, and substantial evidence. R.C. 4112.06(E).
In determining that no probable cause existed to support a finding of discrimination on the basis of age, the OCRC stated:
 "Evidence does not substantiate that Charging Party was discriminated against because of his age or disability. Evidence substantiates that Charging Party was hired at Respondent's facility at the age of (62). Evidence substantiates that Charging Party signed a contract knowing the Resident Director position was only temporary. Evidence substantiates that Charging Party's position was taken over by a disabled person. Evidence substantiates that Respondent had knowledge that Charging Party under went heart surgery a year prior to offering him other positions.
 Evidence substantiates that Respondent hired Charging Party knowing he was around (60) years of age. Evidence substantiates that Respondent did not terminate Charging Party, but instead Charging Party signed a contract for a temporary position that ended in March, 1998."
"Findings of the [OCRC] as to facts shall be conclusive if supported by reliable, probative, and substantial evidence." Miami Univ. v. Ohio Civ.Rights Comm. (1999), 133 Ohio App.3d 28, 37, citing Cleveland, supra at 65. "`Reliable' evidence is dependable or trustworthy; `probative' evidence tends to prove the issue in question and is relevant to the issue presented; and `substantial' evidence carries some weight or value." Case W. Res., supra at 178; citing Our Place, Inc. v. OhioLiquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
After conducting an investigation, the OCRC determined that appellant was not discharged because of his age. It concluded that he was not returned to his previous position for two reasons. First, he became disgruntled when a dispute arose between VOA and his wife, who was also employed by VOA. The OCRC found that appellant failed to perform his duties and would not comply with directives. As a result of appellant's insubordination, his contract to serve as resident manager at the Massillon facility was not renewed. Second, while appellant was temporarily serving at the Massillon facility, his part-time position in the Youngstown facility was eliminated. A new, full-time maintenance position then became available. The OCRC concluded that appellant was not interested in the full-time position.
Furthermore, appellant does not contest the correctness of the OCRC's findings that he was sixty-two years old when he was hired by VOA, nor does he dispute that the resident manager position was temporary in nature and may not be extended beyond March 1998. Although appellant asserts that he fully expected to return to his former maintenance position at the Youngstown facility, any such expectation was unreasonable as it is not supported by the contract itself or otherwise indicated in the record.
The trial court found that the OCRC's decision was supported by reliable, probative and substantial evidence. Hence, it affirmed the OCRC's finding. This court is required to affirm if there is a reasonable basis for the trial court's decision. See Cleveland, supra at 65. From the record, we must conclude that the trial court met such a standard. Accordingly, appellant's sole assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 __________________ VUKOVICH, P.J.
Donofrio, J., concurs, Waite, J., concurs.