JOURNAL ENTRY and OPINION
{¶ 1} Appellant, S. James Zafirau ("Zafirau"), appeals the trial court's denial of his petition for judicial review of the dismissal order issued by appellee, Ohio Civil Rights Commission (the "Commission"), of his charge of discrimination filed against his former employer, the Cleveland Municipal School District (the "school.") For the following reasons, we affirm the decision of the trial court.
 I. RELEVANT FACTS {¶ 2} Zafirau filed a charge of discrimination with the Commission against the school on October 8, 1998. In his charge, Zafirau alleged that he is 58 years old and disabled. He was employed by the school for 20 years and held the position of Manager 1, Assessment Accountability when he was discharged. Zafirau alleged that his discharge was the result of unlawful age and disability discrimination by the school. The Commission, represented by Assistant Attorney General Patrick Dull ("Dull"), issued an administrative complaint against the school after it rejected the Commission's proposed conciliation agreement.
 {¶ 3} Dull initiated contact with Zafirau through correspondence to retrieve information necessary to support his charge, such as answers to interrogatories propounded to him by the school or feedback about various settlement offers. On multiple occasions, Dull's letters contained a deadline date within which Zafirau was to respond or else Dull would seek dismissal of the charge for his failed cooperation. Usually, Zafirau would respond by or close to the deadline date, providing Dull with the information he sought to pursue Zafirau's charge and saving the charge from being dismissed.
 {¶ 4} Although it is unclear from the record when Zafirau engaged private attorney Richard Herthneck ("Herthneck") to represent him, in April 2000, Herthneck withdrew as counsel for Zafirau and sent a letter to Dull informing him of his withdrawal. Thereafter, Dull received a phone call from Jeffrey Yelsky ("Yelsky"), who informed him that he had been retained by Zafirau and that Zafirau requested to withdraw his charge with the Commission because he filed a lawsuit against the school. In response to Yelsky's phone call, Dull issued two letters memorializing the conversation — one to Zafirau attaching a withdrawal of charge form and one to Yelsky attaching a withdrawal of charge form to have his client, Zafirau, fill out. Both letters also confirm the fact that Yelsky is representing Zafirau. As a result of the recently filed lawsuit, Dull sought a stay of the proceedings before the Commission, which was granted in November 2000. Notice was issued to Dull, the school's attorney, Yelsky, and Zafirau.
 {¶ 5} Over the course of the next two years, Dull continued to periodically seek updates on the civil action by sending letters to Yelsky. Each letter contained a deadline date within which to respond and, if Dull did not hear from Yelsky, he would presume that the lawsuit was resolved and he would seek dismissal of the charge stayed and pending before the Commission. On one occasion, Yelsky responded to Dull three weeks past the deadline by leaving a voicemail message updating him on the civil action. This late update thwarted the Commission's dismissal of the charge, which Dull explained in a follow-up letter to Yelsky and also informed him that he would request an update of the civil action every six months.
 {¶ 6} In response to Dull's request for an update in 2002, Yelsky informed him that they were in settlement negotiations and he was hopeful that the case would be resolved within 30 days. Thereafter, Dull received no further updates from Yelsky, either by letter or telephone, with respect to the civil action. In fact, Dull sent two additional letters to Yelsky, one to remind him that Zafirau was supposed to execute the withdrawal of charge form and that if he did not receive a response from Yelsky by a certain date he would recommend dismissal of the charge, and another to inform him that he was going to recommend dismissal of the charge if Yelsky failed to respond. Yelsky never responded to either of Dull's last two letters. As a result, Dull recommended dismissal of Zafirau's charge and the Commission issued its final order dismissing the charge on November 21, 2002.
 {¶ 7} Through new counsel, Zafirau filed a petition for judicial review with the court of common pleas. In his petition, Zafirau sought an order reinstating his charge of discrimination with the Commission. The trial court dismissed Zafirau's petition. Zafirau now appeals.
 II. ASSIGNMENT OF ERROR {¶ 8} For his sole assignment of error, Zafirau contends that the trial court erred and abused its discretion in finding that the Commission's dismissal was supported by reliable, probative and substantial evidence. He argues first that his charge of discrimination should not have been subject to dismissal because he fully cooperated with the Commission. He argues next that the trial court abused its discretion by affirming the Commission's dismissal because the dismissal was not supported by reliable, probative and substantial evidence. However, Zafirau's arguments lack merit.
 {¶ 9} On review, the trial court was to determine whether the Commission's dismissal of Zafirau's charge of discrimination was "unlawful, irrational, and/or arbitrary and capricious." McCrea v. OhioCivil Rights Comm. (1984), 20 Ohio App.3d 314, 317, 486 N.E.2d 143. Despite Zafirau's assertions to the contrary, there was no evidentiary hearing on his charge of discrimination before the Commission. Had there been an evidentiary hearing (and evidence for the trial court to review), the applicable standard of review for the trial court would be to determine whether the Commission's decision was based on "reliable, probative and substantial evidence in the record." Id. at 316-317. Because the trial court had no evidence before it to determine whether the Commission's dismissal of Zafirau's charge of discrimination was based on "reliable, probative and substantial evidence in the record," the trial court's standard of review is simply to determine whether the Commission's dismissal was "unlawful, irrational, and/or arbitrary and capricious."
 {¶ 10} This court's review, on appeal, of the trial court's denial of Zafirau's petition for judicial review is for an abuse of discretion, meaning that the trial court's decision was unreasonable, arbitrary, or unconscionable. See Cleveland Civil Serv. Comm. v. Ohio Civil RightsComm. (1991), 57 Ohio St.3d 62, 65, 565 N.E.2d 579.
 {¶ 11} Here, it cannot be said that the trial court abused its discretion in denying Zafirau's petition for judicial review and affirming the Commission's dismissal of his charge of discrimination for his failure to cooperate. At some point near the time Zafirau filed his charge of discrimination with the Commission, he was represented by Herthneck. Herthneck then withdrew as counsel for Zafirau. Not long after Herthneck withdrew as counsel, Yelsky contacted Dull to inform him that he represented Zafirau, that Zafirau wanted to withdraw his charge of discrimination, and that he filed, on behalf of Zafirau, a civil action against the school. As a result of that conversation, Dull sent a withdrawal of charge form to both Zafirau and Yelsky. In Dull's letter to Zafirau, he indicated his understanding that Yelsky was his new attorney. There is nothing in the record to suggest that either Zafirau or Yelsky told Dull that Yelsky is Zafirau's attorney in the civil action only. Although Zafirau asserts that there is no evidence that shows he authorized Yelsky to represent him in the action before the Commission, the records reveal that Yelsky had numerous contacts and conversations with Dull for at least two years concerning Zafirau's claim before the Commission which contradicts his assertion.
 {¶ 12} The Commission stayed the proceedings before it pending the civil action. However, over the next two years, Dull remained in contact with Yelsky requesting updates of the civil action and receiving those updates — although in a belated fashion — from Yelsky. The last communication Dull received from Yelsky was that the parties to the civil action were in settlement negotiations and that he was hopeful the case would be resolved soon. Dull asked for an update two more times, but Yelsky never responded. Consistent with his repeated deadlines and the consequences of dismissal for missing those deadlines, Dull moved the Commission for dismissal of the charge of discrimination for failure to cooperate. Because Zafirau's attorney failed to contact or respond to Dull's requests for updates, the Commission dismissed the charge of discrimination citing Zafirau's failure to cooperate.
 III. CONCLUSION {¶ 13} The trial court did not abuse its discretion in denying Zafirau's petition for judicial review, as the Commission's dismissal of his charge of discrimination was not "unlawful, irrational, and/or arbitrary and capricious" and instead, was based on Zafirau's failure to respond to Dull's repeated efforts to maintain communication. Thus, the trial court did not abuse its discretion in affirming the Commission's dismissal.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and George, J.,* concurs.
* SITTING BY ASSIGNMENT: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.)