JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Laszlo Temesi ("Temesi"), appeals the common pleas court's decision affirming the order of the Ohio Civil Rights Commission that Temesi cease and desist from all discriminatory practices in violation of R.C. Chapter 4112 and pay plaintiff-appellee, Tammy A. Greer-Burger ("Greer"), $16,000 for attorney fees. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1998, Greer filed a sexual harassment suit against Temesi based on alleged inappropriate comments and actions while she was employed by Temesi. A jury returned a verdict in favor of Temesi.
 {¶ 3} In May 2000, five months after the jury verdict, Temesi filed a civil suit against Greer alleging malicious prosecution, abuse of process, and intentional infliction of emotional distress. In response, Greer filed a charge affidavit with the Ohio Civil Rights Commission ("Commission") alleging that she was subject to unlawful retaliation after participating in a protected activity. Specifically, she alleged that Temesi violated R.C. 4112.02(I) by filing a lawsuit in retaliation for her filing a sexual harassment suit against him.
 {¶ 4} The Commission conducted a preliminary investigation and found that probable cause existed to believe that Temesi engaged in illegal discrimination in violation of R.C.4112.02(I). In 2003, the administrative law judge ("ALJ") issued findings of fact, conclusions of law, and a recommendation that Temesi cease and desist from all discriminatory practices. Following a damages hearing, the ALJ recommended that Temesi pay Greer $16,000 to reimburse her for attorney fees incurred in defending against Temesi's suit. In December 2004, the Commission adopted the recommendations and issued a cease and desist order against Temesi and ordered him to pay Greer $16,000 in attorney fees.
 {¶ 5} Temesi filed a petition for judicial review pursuant to R.C. 4112.06 with the common pleas court. The court affirmed the Commission's order, finding that it was supported by reliable, probative, and substantial evidence and was in accordance with the law.
 {¶ 6} Temesi appeals, raising three assignments of error.
 Standard of Review {¶ 7} The court of common pleas must affirm the Commission's decision if the court finds there is reliable, probative, and substantial evidence in the record to support the decision. R.C.4112.06(E); Plumbers Steamfitters Commt. v. Ohio Civil RightsComm. (1981), 66 Ohio St.2d 192, 421 N.E.2d 128, paragraph two of the syllabus.
 {¶ 8} Appellate review of the trial court's judgment is more limited. This court may reverse a determination of the court of common pleas only on a showing that the court abused its discretion. Ohio Civ. Rights Comm. v. Case W. Res. Univ.,76 Ohio St.3d 168, 177, 1996-Ohio-53, 666 N.E.2d 1376, citingCleveland Civil Serv. Comm. v. Ohio Civil Rights Comm. (1991),57 Ohio St.3d 62, 65, 565 N.E.2d 579.
 {¶ 9} However, as a matter of law, we review matters of statutory construction de novo. Ritchie v. Weston, Inc. (2001),143 Ohio App.3d 176, 179, 757 N.E.2d 835, citing State v. Wemer
(1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258.
 {¶ 10} With these principles in mind, we turn to Temesi's assigned errors.
 Discrimination Liability {¶ 11} In his first assignment of error, Temesi argues that the trial court erred in affirming the Commission's decision "because there was no liability for discrimination." Temesi's main argument is that Greer failed to establish a prima facie case of retaliation and, thus, it was error for the ALJ to find that Temesi violated R.C. 4112.02.
 {¶ 12} Title VII of the Civil Rights Act of 1964, Section 701 et seq., as amended Section 2000e et seq., Title 42 U.S. Code ("Title VII") and Ohio's corresponding "civil rights" statute, R.C. Chapter 4112, make it unlawful to retaliate against a person because they have participated in a protected activity.42 U.S.C. § 2000e-3(a) provides that, "[I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, * * * because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." R.C.4112.02(I) states that it is an unlawful discriminatory practice "for any person to discriminate * * * against any other person because that person has made a charge, testified, * * * or participated * * * in any investigation, proceeding, or hearing under sections 4112.02 to 4112.07 of the Revised Code." In addition, "Federal case law interpreting Title VII is generally applicable to cases involving alleged violations of Chapter 4112." Plumbers Steamfitters, supra at 196.
 {¶ 13} In cases involving discriminatory treatment by an employer against an employee, the law engages in an evidentiary burden-shifting mechanism between the parties. The first step requires that the complainant, or, as in the instant case, the commission, prove a prima facie case of discrimination.McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 802,93 S.Ct. 1817, 36 L.Ed.2d 668.
 {¶ 14} In order to establish a prima facie case of retaliation under R.C. 4112.02(I), the law typically requires the Commission to demonstrate that: (1) the complainant engaged in protected activity, (2) the respondent knew of complainant's participation in the protected activity, (3) the respondent thereafter took adverse employment action against the complainant, and (4) a causal connection exists between the protected activity and the adverse employment action. Chandlerv. Empire Chem., Inc. v. Midwest Rubber Custom Mixing Div.
(1994), 99 Ohio App.3d 396, 402, 650 N.E.2d 950. Powers v.Pinkerton, Inc. (Jan. 18, 2001), Cuyahoga App. No. 76333.
 {¶ 15} The burden of establishing a prima facie case of retaliation is not onerous and is easily met. Nguyen v. City ofCleveland (6th Cir. 2000), 229 F.3d 559, 563. Once a prima facie case of retaliation is established, the burden shifts to the respondent to articulate a legitimate, non-discriminatory reason for the adverse employment action. Chandler, supra at 402. If the respondent meets his burden, the burden then shifts back to demonstrate that the respondent's proffered reasons were a pretext for retaliation. Id. At all times, the complainant or Commission retains the ultimate burden of persuasion. TexasDepartment of Community Affairs v. Burdine (1981), 450 U.S. 248,253, 101 S.Ct. 1089, 67 L.Ed.2d 207.
 {¶ 16} In the instant case, Temesi argues that no evidence exists demonstrating that he took an employment action adverse to Greer. Instead, he argues that Greer quit her job prior to the filing of the sexual harassment suit and, thus, no adverse employment action was or could be taken.
 {¶ 17} R.C. 4112.02(I) does not require that an employer retaliate against an employee; rather, it provides that it is an unlawful discriminatory practice "for any person" to discriminate against "any other person" in retaliation for participating in an investigation, proceeding, or hearing under this section. Therefore, the fact that the retaliation occurred post-employment does not affect the Commission's ability to satisfy its burden of making a prima facie case for retaliation. Moreover, it is not necessary that the adverse action suffered by Greer be employment-related or that she be a current employee of Temesi's.
 {¶ 18} The United States Supreme Court has expressly stated that the term "employees" under Title VII's anti-retaliation provisions includes former employees. Robinson v. Shell Oil
(1997), 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808. Inclusion of former employees is "consistent with the broader context of Title VII and the primary purpose of § 704(a)." Id.
 {¶ 19} Furthermore, the adverse action taken by the employer need not be employment-related. Although no state court in Ohio has reviewed this issue, the United States Supreme Court recently addressed this issue in Burlington Northern Santa Fe RailwayCo. v. White (2006), 548 U.S. ___. In Burlington Northern, the court concluded that the scope of the anti-retaliation provision of Title VII "extends beyond workplace-related or employment-related retaliatory acts and harm." Id. at ___. To hold otherwise would only limit the provision's broad protection from retaliation and impede Title VII's primary purpose of "`maintaining unfettered access to statutory remedial mechanisms.'" Id., quoting Robinson, supra at 346. Accordingly, the adverse action taken by the employer against an employee or former employee, need not be employment-related. Id. at ___.
 {¶ 20} Applying the prima facie test to the instant case, we find that the Commission established a prima facie case for retaliation discrimination. Greer engaged in a protected activity, i.e. filing a sexual harassment suit against Temesi, which was obviously known to him. After the jury found in Temesi's favor, he filed a civil suit against Greer for malicious prosecution, abuse of process, and intentional infliction of emotional distress, which related to the filing of the sexual harassment suit.
 {¶ 21} Once the Commission established a prima facie case, the burden shifted to Temesi to establish a legitimate, non-discriminatory reason for the adverse action. Temesi makes no argument on appeal that the filing of the action was non-discriminatory. Moreover, he does not make any argument concerning his burden of proof or the Commission's burden once it shifted. Nevertheless, Temesi argued before the Commission that the filing of the lawsuit was to recoup economic loss and seek redress for emotional distress caused by the filing of the sexual harassment suit. Under McDonnell, supra, and Board of Trusteesof Keene State College v. Sweeney (1978), 439 U.S. 24,99 S.Ct. 295, 58 L.Ed.2d 216, this reasoning is sufficient to satisfy Temesi's burden.
 {¶ 22} Because Temesi satisfied his burden, the burden then shifted to the Commission to prove that Temesi's non-discriminatory reasons were merely a pretext for retaliation. Upon review of the briefs, we find that Temesi's reasoning is merely a pretext for retaliation. Had Temesi filed suit solely to recoup attorney fees he incurred in defending the sexual harassment suit, the result might have been different. However, he also sought punitive damages for malicious prosecution, abuse of process, and intentional infliction of emotional distress. The purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct. Moskovitz v. Mt. Sinai Med.Ctr., 69 Ohio St.3d 638, 651, 1994-Ohio-324, 635 N.E.2d 331. "A punitive damages award is more about defendant's behavior than the plaintiff's loss." Wightman v. Consolidated Rail Corp.,86 Ohio St.3d 431, 439, 715 N.E.2d 546. Punitive damages are awarded "not to compensate a plaintiff but to punish the guilty, deter future misconduct, and to demonstrate society's disapproval."Davis v. Wal-Mart Stores, Inc., 93 Ohio St.3d 488, 493, 2001-Ohio-1593, 756 N.E.2d 657.
 {¶ 23} The award of punitive damages would defeat the overriding purpose of anti-retaliation legislation: to prevent employers from deterring victims from pursuing discrimination claims. By seeking punitive damages, Temesi has asked the court to punish Greer for pursuing her sexual harassment claim. Absent any indication that Greer's complaint was blatantly frivolous and contained no colorable claim, we cannot find that punishment overrides the underlying purpose of the anti-retaliation provisions.
 {¶ 24} Moreover, R.C. 4112.02(I) expressly prohibits a person from discriminating "in any manner" against a person who has participated in a protected activity. This language essentially creates an absolute privilege for the filing of a discrimination suit or charge. Although this language is rather unsettling, it is nevertheless the law, and surely the General Assembly had a purpose in establishing such a broad privilege. Therefore, we find that the Commission satisfied its burden in proving that Temesi's non-discriminatory reasons were merely a pretext to retaliation.
 {¶ 25} Accordingly, Temesi's filing of the civil suit was retaliatory and, thus, a violation of R.C. 4112.02(I) and Title VII. The first assignment of error is overruled.
 Assessment of Attorney Fees {¶ 26} In his second assignment of error, Temesi argues that the trial court erred in affirming the ALJ's findings to award Greer attorney fees because Temesi had a right to assert a claim against Greer for her actions in unsuccessfully suing him for sexual harassment.
 {¶ 27} In support of his claim, Temesi cites a plethora of federal case law for the proposition that a claimant may be penalized for improperly lodging a discrimination complaint against an employer. However, Fed.Civ.R. 11 constituted the mechanism to recover attorney fees in each of the cases cited. Temesi has not cited a single case to support his argument that the filing of a separate suit for malicious prosecution, abuse of process, and intentional infliction of emotional distress after successfully defending a sexual harassment claim is not deemed retaliation under Title VII and R.C. 4112.02(I).
 {¶ 28} Although we recognize that individuals who are wrongfully sued based on frivolous claims may seek redress, the individuals may not do so in a retaliatory way. Gilatta v.Tectrum, Inc., (S.D. Ohio 2002), 211 F.Supp. 992, 1009 ("the fact that an employee files a charge of discrimination does not immunize such employee from a suit brought by the employer, provided that the employer's motivation is not one of retaliation"). As the Commission noted, there were other avenues available for Temesi to assert a frivolous claim argument and recover attorney fees. Temesi could have filed a motion for sanctions and attorney fees pursuant to Civ.R. 11 and R.C.2323.51 in the original suit in which he prevailed. However, Temesi failed to pursue that option. Instead, he filed a separate suit five months after the jury verdict in his favor, seeking damages in excess of attorney fees.
 {¶ 29} Therefore, we find no abuse of discretion in the trial court's determining that reliable, probative, and substantial evidence supported the Commission's assessment of attorney fees against Temesi.
 {¶ 30} Accordingly, we overrule the second assignment of error.
 Attorney Fees Awarded {¶ 31} Temesi argues in his final assignment of error that Greer was not damaged and should be judicially estopped from attempting to collect attorney fees because they were discharged in her bankruptcy. In the instant case, the Commission ordered Temesi to pay Greer $16,000 for attorney fees she incurred in defending the civil suit filed against her.
 {¶ 32} Temesi argues that he should not be punished for using the incorrect procedure to recover his attorney fees for the sexual harassment suit and, further, the cease and desist order was a sufficient deterrent.
 {¶ 33} The purpose behind any anti-retaliation provision, either under R.C. 4112.02 or Title VII, is to prevent employers from deterring victims of discrimination from complaining to the Ohio Civil Rights Commission or the Equal Employment Opportunities Commission. EEOC v. Outback Steakhouse of Florida
(N.D. Ohio 1999), 75 F.Supp.2d 756, 758, citing Robinson,
supra. "It is certainly true that `a lawsuit * * * may be used by an employer as a powerful instrument of coercion or retaliation' and that such suits can create a `chilling effect' on the pursuit of discrimination claims." Id., quoting Bill Johnson'sRestaurants Inc. v. National Labor Relations Bd. (1983),461 U.S. 731, 740-741, 103 S.Ct. 2161, 76 L.Ed.2d 277. The primary purpose is "maintaining unfettered access to statutory remedial mechanisms." Robinson, supra at 346.
 {¶ 34} In keeping with the purpose of anti-retaliation legislation, the Commission found that the award of attorney fees served as a necessary deterrent. The trial court found that this decision was supported by reliable, probative, and substantial evidence. Accordingly, we find no abuse of discretion.
 {¶ 35} Temesi also claims that Greer is essentially receiving a windfall because her attorney fees were discharged in her bankruptcy proceeding. According to Temesi, Greer should be estopped from receiving a money judgment because she failed to disclose the lawsuit in her bankruptcy.
 {¶ 36} The disposition of the $16,000 is not for this court to consider. Whether Greer's bankruptcy trustee pursues the money judgment for payment of creditors is not within the purview of this court's jurisdiction. See, 11 U.S.C.S. § 704(2). Therefore, the fact that Greer's attorney fees were discharged in a bankruptcy neither hinders nor precludes a money judgment against Temesi for a violation of R.C. 4112.02(I) for retaliation. We find no abuse of discretion in the trial court's affirming the Commission's order.
 {¶ 37} Accordingly, the final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, J. concurs
 Michael J. Corrigan, J. concurs in Judgment Only (See SeparateConcurring Opinion)
 CONCURRING OPINION