OPINION
{¶ 1} Petitioners-Appellants, Lee Yeager and James B. Garnet, Sr., have appealed to this court from the order of the Trumbull County Court of Common Pleas dismissing their administrative appeal.
 {¶ 2} In the court below, Yeager and Garnet sought to overturn the decisions of the Ohio Civil Rights Commission ("the Commission") dismissing their respective cases.
 {¶ 3} Yeager and Garnet joined as petitioners to seek judicial review, pursuant to R.C. 4112.06, after their separate cases were dismissed by the Commission on the grounds of collateral estoppel and res judicata. Their cases took similar, but not identical, paths to the court below.
 {¶ 4} Yeager filed a charge alleging reverse discrimination with the Commission in 1996. The charge alleged that he was an applicant for a skilled-trades apprenticeship at the General Motors Corporation's ("GM") Lordstown, Ohio assembly plant, and that GM refused to admit him to its pre-apprenticeship training program because of his race and sex. Ten months later, the Commission issued a probable cause determination and, after conciliation efforts proved fruitless, issued a formal complaint and notice of hearing alleging discrimination by GM, and set the matter for public hearing.
 {¶ 5} During the pendency of the administrative action before the Commission, Yeager chose to file suit in the United States District Court for the Northern District of Ohio, Eastern Division, alleging that GM's actions constituted violations under Title VII of the Civil Rights Act of 1964, Section 2000e, Title 42, U.S. Code, and the Fifth Amendment to the United States Constitution. After the filing of this case in U.S. District Court, the Commission action was stayed pending the outcome of the federal court action.
 {¶ 6} The U.S. District Court dismissed Yeager's case, holding that he had no standing to bring the Title VII action and that he lacked sufficient evidence to prove that GM was acting under "color of federal law" to bring his action pursuant to the Fifth Amendment to the United States Constitution.[1] Yeager then appealed that decision to the U.S. Court of Appeals, Sixth Circuit, which affirmed the decision of the district court.[2] The court in the Sixth Circuit case went beyond the district court's holding and found that, even if Yeager had standing to bring his claim, he could not prevail on the merits because he could not establish a prima facie case of reverse discrimination.[3] Yeager's petition for a writ of certiorari to the United States Supreme Court was denied.[4]
 {¶ 7} Having been denied relief by the federal courts, Yeager sought to reactivate his case before the Commission and proceed under a state law violation (R.C. 4112.02(A)) against GM pursuant to the complaint initiated by it almost five years previously. Yeager's counsel received a letter to appear before the Commission to make a statement, but his statement was limited to five minutes.
 {¶ 8} On June 13, 2002, the Commission lifted its stay of Yeager's case but, then, dismissed it on the grounds of collateral estoppel and res judicata, finding that his case in federal court encompassed the same facts and claims as contained in the complaint and notice of hearing issued by the Commission in late 1997 and that the federal courts had determined that GM had not harmed him and did not violate the law. The Commission did not conduct an evidentiary hearing, but it did consider "the advice and recommendation of counsel" in the form of a letter to arrive at its decision. The Commission stated in its order that "these same facts or issues cannot be relitigated elsewhere," and that "[w]hile the Commission was not a party to the case decided by the District Court, and upheld on appeal, the instant case calls upon the Commission to respect the ruling of a court of competent jurisdiction." For the reasons stated, the Commission dismissed its own complaint and notice of hearing.
 {¶ 9} Yeager then filed his petition to obtain judicial review of the Commission's order dismissing its complaint and notice of hearing. His petition was filed pursuant to R.C. 4112.06 in the Trumbull County Common Pleas Court. The court upheld the dismissal by the Commission and found that the order of the Commission was supported by "reliable, probative, and substantial evidence." The order of that court was dated July 1, 2004, and it is from that order that Yeager has pursued his appeal to this court.
 {¶ 10} Garnet's case took a slightly different path, in that after he filed his charge with the Commission, but before the Commission issued a complaint and notice of hearing against GM for substantially the same reasons as it had in Yeager's case, Garnet filed a lawsuit in the Trumbull County Court of Common Pleas. The allegations of his lawsuit differed from the Yeager suit in that he alleged that GM had committed "unlawful discriminatory practices" in violation of R.C. 4112.02(A). Garnet's suit did not contain the Title VII and Fifth Amendment claims found in Yeager's suit. Garnet's case was removed to the U.S. District Court for the Northern District of Ohio, Eastern Division, where it was dismissed, not for lack of standing, but because he did not establish a prima facie case of reverse discrimination.[5] He then appealed to the U.S. Court of Appeals, Sixth Circuit, where the district court's dismissal was affirmed.[6] Garnet's petition to the U.S. Supreme Court for a writ of certiorari was denied.[7]
 {¶ 11} As in Yeager's case, Garnet was desirous of reinstating his case before the Commission after his federal case was concluded. Once again, his counsel was notified that he would have five minutes to make a statement to the Commission. The Commission likewise dismissed the Garnet complaint and notice of hearing on June 13, 2002, on the grounds of collateral estoppel and res judicata, citing the same reasons as it had with respect to the Yeager complaint and notice of hearing.
 {¶ 12} Thereafter, Garnet joined with Yeager in petitioning the Trumbull County Court of Common Pleas for judicial review of the Commission's order of dismissal. The trial court order referred to above upheld the dismissal of Garnet's complaint and notice of hearing by the Commission. Garnet joins Yeager in appealing that trial court order to this court.
 {¶ 13} On appeal, Yeager and Garnet question the legality of the trial court's order upholding the Commission's dismissal of their respective complaints and notices of hearing in their single assignment of error:
 {¶ 14} "The trial court erred in `upholding' Appellee, Ohio Civil Rights Commission's dismissals of its R.C. § 4112.05(B)(5) Complaints."
 {¶ 15} Our review of this assignment of error will be according to an abuse of discretion standard.[8]
 {¶ 16} Appellants argue that the trial court abused its discretion in refusing to set aside the "unlawful" orders of the Commission dismissing the complaints against GM, which complaints were issued by the Commission pursuant to R.C. 4112.05(B)(5). The pertinent parts of that section state the following:
 {¶ 17} "If the commission fails to effect the elimination of an unlawful discriminatory practice by informal methods of conference, conciliation, and persuasion under this section and to obtain voluntary compliance with this chapter, the commission shall issue and cause to be served upon any person, including the respondent against whom a complainant has filed a charge pursuant to division (B)(1) of this section, a complaint stating the charges involved and containing a notice of an opportunity for a hearing before the commission, a member of the commission, or a hearing examiner at a place that is stated in the notice and that is located within the county in which the alleged unlawful discriminatory practice has occurred or is occurring or in which the respondent resides or transacts business. The hearing shall be held not less than thirty days after the service of the complaint upon the complainant, the aggrieved person other than the complainant on whose behalf the complaint is issued, and the respondent * * *."
 {¶ 18} Another subsection of R.C. 4112.05 empowers the Commission to dismiss a charge if it makes a finding that no probable cause exists to support a charge of an unlawful discriminatory practice; or it may dismiss a complaint previously issued by it if it finds "upon all the evidence presented at a hearing" that an unlawful discriminatory practice has not occurred. That subsection is as follows:
 {¶ 19} "If the commission finds that no probable cause exists for crediting charges of unlawful discriminatory practices or, if, upon all the evidence presented at a hearing under division (B) of this section on a charge, the commission finds that a respondent has not engaged in any unlawful discriminatory practice against the complainant or others, it shall state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the complaint as to the respondent."[9]
 {¶ 20} Also relevant here is the statute allowing for judicial review of final orders of the Commission:
 {¶ 21} "(A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.
 {¶ 22} "(B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all the parties who appeared before the commission. Thereupon the commission shall file with the court a transcript of the record upon the hearing before it. The transcript shall include all proceedings in the case, including all evidence and proffers of evidence. The court shall thereupon have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief, restraining order, or other order as it deems just and proper and to make and enter, upon the record and such additional evidence as the court has admitted, an order enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission or remanding for further proceedings.
 {¶ 23} "* * *
 {¶ 24} "(E) The findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record and such additional evidence as the court has admitted considered as a whole."[10]
 {¶ 25} Note that both Yeager and Garnet chose to avail themselves of their right to file a civil action while their Commission cases were pending. This was their right pursuant to Section 1331, Title 28, U.S. Code, and R.C. 4112.99, respectively. R.C. 4112.99 reads as follows:
 {¶ 26} "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."
 {¶ 27} Because their claims were non-age discrimination claims, they did not have to make an election of remedies, but could pursue their civil actions independently of their cases before the Commission.[11]
 {¶ 28} In seeking to uphold the trial court's order, counsel for the Commission has two principal arguments: first, that the court below did not abuse its discretion, which means that the decision was not "arbitrary, unreasonable or unconscionable"; and secondly, that the trial court was correct in deferring to the Commission's decision not to proceed to an evidentiary hearing and dismiss the charges.
 {¶ 29} With respect to the Commission's first argument, that the trial court did not commit an abuse of discretion, we turn to a case similar in outcome to this case, that of Medley v. Ohio Civil Rights Commission, in which counsel for the Commission advised it by letter, after probable cause for discrimination had been found and a R.C. 4112.05(B) complaint had issued, that he did not have sufficient evidence to support the charge.[12] The Commission thereupon exercised its authority to change its initial finding of probable cause pursuant to the authority of R.C.4112.05(I), and dismissed the complaint. The trial court reversed the Commission's order, finding that the dismissal of the complaint was not supported by reliable, probative, and substantive evidence, and remanded the matter to the Commission for adjudication. The appellate court held that the Commission acted properly in setting aside its finding of probable cause, but that the trial court acted improperly in reversing the dismissal. Inasmuch as there was no evidentiary hearing at the Commission level, there was no evidence for the common pleas court to review, and, therefore, a finding that the dismissal was not supported by "reliable, probative, and substantive evidence" was improper. The appellate court reversed and remanded to the trial court, to make a determination as to whether the action taken by the Commission was "unlawful, irrational, and/or arbitrary and capricious."[13]
 {¶ 30} In this case, counsel for the Commission urges this court to recognize that the Commission had the authority to dismiss the Yeager and Garnet complaints pursuant to its authority to set aside or modify a finding previously made.
 {¶ 31} "(I) Until the time period for appeal set forth in division (H) of section 4112.06 of the Revised Code expires, the commission, subject to the provisions of Chapter 119. of the Revised Code, at any time, upon reasonable notice, and in the manner it considers proper, may modify or set aside, in whole or in part, any finding or order made by it under this section."[14]
 {¶ 32} We adopt the part of the Medley case that held, "[t]o the extent that the dismissal of petitioner's complaint was a modification of the earlier finding, it was within the commission's jurisdiction and properly made."[15] The complaints before the Commission both contained findings that "it is probable that unlawful discriminatory practices have been or are being perpetrated by [GM] in violation of Revised Code § 4112.02(A)." Based upon the outcome of the federal court litigation for both Yeager and Garnet, it would have been a waste of the Commission's resources to further pursue the complaints where the outcome had already been determined in federal court.
 {¶ 33} Instead of remanding this matter back to the trial court to make a determination as to whether the Commission's order was "unlawful, irrational, and/or arbitrary and capricious," as the Medley court did, we depart from that decision and hold, as a matter of law, that the Commission's orders of dismissal against Yeager and Garnet were not arbitrary and capricious. We affirm the judgment entry of the trial court on the ground that the Commission had the power to set aside or modify a finding previously made by it.
 {¶ 34} The second argument of the counsel for the Commission advances the proposition that the Commission was correct to decline to conduct a hearing and dismiss its previously issued complaints in behalf of Yeager and Garnet, and to do so on the grounds of res judicata and collateral estoppel.
 {¶ 35} Res judicata applies when (1) the judgment of the prior suit is valid, final, and was decided on the merits; (2) the judgment of the prior suit was issued by a court of competent jurisdiction; (3) both the prior and present suit involve the same parties or those whose interests are sufficiently close to call for privity; and (4) both the prior and present suit arose from the same transaction or occurrence.[16]
 {¶ 36} "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with the party in the prior action."[17]
 {¶ 37} The requirements for both res judicata and collateral estoppel are met in this case. First of all, the claims and the issues were identical in the federal court litigation to those in the cases before the Commission. In addition, they arose from the same transaction. In Yeager's case, his claim of reverse discrimination was dismissed for lack of standing in the district court, but then adjudicated on the merits in the Sixth Circuit Court of Appeals. In Garnet's case, the district court entered summary judgment on the merits of his claim for reverse discrimination.
 {¶ 38} Secondly, the decisions in both cases were valid, final judgments.
 {¶ 39} Thirdly, even though the same parties did not participate in the federal court litigation and the proceedings before the Commission, we believe that the interests of Yeager and Garnet and the Commission are sufficiently close to call for privity, and that, therefore, res judicata and collateral estoppel do apply to bar the relitigation of Yeager's and Garnet's complaints.
 {¶ 40} Privity is defined broadly to include a "mutuality of interest, including an identity of desired result."[18] In Ohio, "mutuality" means that a judgment must be preclusive for both parties, but this rule can be relaxed to allow nonmutuality where "justice would reasonably require it."[19] The privity requirement is met for purposes of res judicata and collateral estoppel, because Yeager and Garnet and the Commission had a "mutuality of interest" to stop discriminatory practices. Alternatively, even if "mutuality of interests" does not exist, this is a case where "justice would reasonably require [collateral estoppel]" to bar further relitigation.
 {¶ 41} This analysis of the doctrines of res judicata and collateral estoppel differs slightly from that of the Commission, which stated that the "underpinnings" of res judicata and collateral estoppel would bar further relitigation. The Commission's analysis provides, in part:
 {¶ 42} "The underpinnings of res judicata and collateral estoppel are that there must be an end to litigation, and that the rulings of each court must be given effect. To allow issues to be litigated over and over again would drain judicial resources, encourage multiple lawsuits, discourage reliance on litigation and would foster confusion and chaos."
 {¶ 43} Our analysis does not disagree with the statement of the Commission on the underpinnings of the two doctrines. Instead, we find that the doctrines of res judicata and collateral estoppel apply directly to Yeager's and Garnet's cases, and conclude that the trial court did not abuse its discretion in dismissing their cases.
 {¶ 44} The assignment of error of appellants is without merit.
 {¶ 45} For the reasons indicated, we affirm the judgment entry of the trial court upholding the dismissal of appellants' complaints and notices of hearing by the Commission.
Ford, P.J., concurs.
O'Toole, J., concurs in judgment only.
[1] Yeager v. General Motors Corp. (N.D. Ohio 1999),67 F. Supp.2d 796.
[2] Yeager v. General Motors Corp. (C.A. 6, 2001), 265 F.3d 389.
[3] Id. at 396.
[4] Yeager v. General Motors Corp. (2002), 535 U.S. 928.
[5] Garnet v. General Motors Corp. (N.D. 2000), 114 F. Supp.2d 649,657.
[6] Garnet v. General Motors Corp. (C.A. 6, 2001), 2001 U.S. App. LEXIS 20942.
[7] Garnet v. General Motors Corp. (2002), 535 U.S. 929.
[8] Columbus v. Ohio Civil Rights Comm. (1985), 23 Ohio App.3d 178,180.
[9] R.C. 4112.05(H).
[10] R.C. 4112.06(A), (B), and (E).
[11] Bourquin v. KeyBank, N.A. (2000), 138 Ohio App.3d 435, 437.
[12] Medley v. Ohio Civil Rights Comm. (Nov. 14, 1989), 10th Dist. No. 89AP-226 and 89AP-249, 1989 Ohio App. LEXIS 4284.
[13] Id. at *4-5, citing McCrea v. Ohio Civil Rights Comm. (1984),20 Ohio App.3d 314, 317.
[14] R.C. 4112.05(I).
[15] Medley v. Ohio Civil Rights Comm., supra, at *4.
[16] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[17] (Citation omitted.) Thompson v. Wing (1994), 70 Ohio St.3d 176,183.
[18] Brown v. Dayton (2000), 89 Ohio St.3d 245, 248.
[19] Goodson v. McDonough Power Equipment, Inc. (1983), 2 Ohio St.3d 193,199, citing Hicks v. De La Cruz (1977), 52 Ohio St.2d 71.