JOURNAL ENTRY
The prior Journal Entry and Opinion of this court released on August 31, 2006, contained an error on the "appearance" section of page two and three:
"Civic Prop. Casualty Co. with Benjamin B. Klubes and Joseph Barloon, attorneys of Skadden, Arps, Slate, Meagher Flom should be removed."
The above should be replaced with the following proper appellees' names and counsel:
IT IS HEREBY ORDERED that said Journal Entry and Opinion of August 31, 2006, be amended nunc pro tunc to correct the error set forth above. The amended Journal Entry and Opinion, nunc protunc August 31, 2006, is attached.
IT IS FURTHER ORDERED that, as so amended, said Journal Entry and Opinion of August 31, 2006 shall stand in full force and effect as to all its particulars.
{¶ 1} In this consolidated appeal, appellant Housing Advocates, Inc. ("HAI") appeals the trial court's judgment, which affirmed the decision of the appellee Ohio Civil Rights Commission ("Commission") to not issue a race discrimination complaint against the appellee insurance companies[1] on HAI's behalf. HAI also appeals the trial court's subsequent denial of its motion for relief from judgment. HAI assigns five errors for our review.[2]
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On August 21, 2003 and September 26, 2003, HAI filed charges of discrimination with the Commission against twenty-five insurance companies.[3] Other than the name of the insurance company, the allegations in these twenty-five charges were identical to each other. HAI alleged that the various insurance companies discriminated against minorities by charging higher base rates for homeowners insurance in major metropolitan areas, such as Akron, Cincinnati, Cleveland, Dayton, Toledo, and Youngstown, compared to the surrounding suburban areas. HAI requested monetary damages and injunctive relief totaling over $55 million.
 {¶ 4} The Commission conducted a comprehensive year-long review and analysis of HAI's charges. On July 22, 2004, the Commission issued a Letter of Determination, in which it found there was "no probable cause" to issue complaints with regard to the twenty-five charges because the insurance companies had non-discriminatory reasons for their insurance rates, territories, and practices. The Commission's Letter stated in pertinent part:
"A comprehensive investigation conducted by the Commission'sOffice of Special Investigations revealed that the rating methodsof these insurance companies have proven to be actuarially sound,that the creation of their territories and the assignment of thebase rates are supported by historical loss data, observable losstrends, identifiable risk classifications and numerous otherfactors widely accepted in the development of insurance ratesand, most importantly, that these rates are reviewed and approvedby an independent state agency, the Ohio Department of Insurance.In summary, the investiga-tion and analysis revealed that thereis no meaning-ful difference — legal, statistical or otherwise— between rates for homeowners insurance charged toAfrican-Americans, Hispanic and White homeowners."[4]
 {¶ 5} In response to the Commission's determination, HAI submitted a request for the Commission to reconsider its decision. The Commission heard oral argument on the request and, subsequently, unanimously denied HAI's petition for reconsideration.
 {¶ 6} HAI appealed the Commission's no probable cause determination to the Cuyahoga Court of Common Pleas. After denying HAI's requests to admit additional evidence, the common pleas court held that the Commission's determination "was not unlawful, irrational, arbitrary or capricious."[5]
 {¶ 7} On May 26, 2005, HAI appealed the trial court's ruling to this court. While the appeal was pending, HAI filed a motion for relief from judgment with the trial court, alleging newly discovered evidence entitled HAI to relief from judgment. This court granted a limited remand of the case to the trial court in order for the trial court to rule on the motion for relief from judgment. The trial court denied the motion in a three-page opinion.
 Standard of Review {¶ 8} We address HAI's third assigned error first because it concerns the trial court's standard of review of the Commission's no probable cause determination. HAI asserts that the common pleas court erred by not applying the "reliable, probative, and substantial evidence" standard of review found in R.C. 4112.06(E) in reviewing the Commission's determination.
 {¶ 9} We conclude that the trial court correctly applied the standard of whether the Commission's decision was "unlawful, irrational, arbitrary, or capricious" when reviewing a finding of no probable cause subsequent to a preliminary investigation. The issue of the proper standard of review to be applied by a reviewing court to a Commission finding of no probable cause was addressed in McCrea v. Ohio Civil Rights Comm.[6] The court in McCrea explained:
"Prior to the filing of a complaint, the procedure set out inthe statute [R.C. 4112.05] is informal and in the nature of an exparte proceeding. Although the commission investigates thecharge, it does not seek to receive formal evidence. Unlike theprocedure set forth for a post-complaint formal hearing, R.C.4112.05 does not provide for the swearing of witnesses, thetaking of testimony, or the keeping of a record during apreliminary investigation. A determination of no probable causeis one which cannot, therefore, be reviewed on the basis ofreliable, probative and substantial evidence."[7]
 {¶ 10} McCrea logically notes that, because no evidentiary hearing is held when the Commission makes a determination of no probable cause, there is "no evidence to review on appeal, reliable, probative, substantial, or otherwise."[8] UnderMcCrea, the reason for using the unlawful, irrational, arbitrary and capricious standard in an appeal from a finding of no probable cause rests on the fundamental differences between a pre-complaint and post-complaint proceeding when a charge of discrimination is brought. The decision and reasoning in McCrea
has been widely adopted.[9] This court has considered the issue and adopted the standard set forth in McCrea.[10]
 {¶ 11} Therefore, as a consequence of the procedural status of this case, the product of the Commission's investigation does not constitute evidence which could be reevaluated by the trial court. Instead, the court's review is confined to reviewing the Commission's findings of fact to determine whether sufficient justification is given for not issuing a complaint.[11]
 {¶ 12} As HAI argues, the Seventh District ruled in several cases that the trial court's requisite standard of review is to determine whether the Commission's decision is supported by reliable and probative evidence.[12] However, these cases are contradictory to the holding in McCrea and the holding of the other districts previously cited. Whether the Seventh District intended to set a different standard is irrelevant to our review, as we conclude those cases were wrongly decided.
 {¶ 13} In Williams v. Ohio Civ. Rights Comm., the Commission, as in the instant case, did not conduct an evidentiary hearing. Instead, the Commission conducted an investigation and determined there was no probable cause. In spite of the procedural status, the Williams court referred to R.C. 4112.06(E) in stating, "[t]he findings of fact reached by the OCRC, based upon the transcript and such additional evidence as the court permits, will not be disturbed by a reviewing court if such findings are supported by reliable, probative, and substantial evidence." This is the improper application of the statute. When R.C. 4112.06 is read in conjunction with R.C.4112.05, it is clear that a transcript and evidence are only available if an evidentiary hearing, as contemplated under R.C.4112.05, is conducted.
 {¶ 14} Moreover, the Williams court provides no explanation why it adopted this standard of review and simply relied on other cases in using the standard.[13] A review of the cases theWilliams court relied upon, however, reveals they were post-evidentiary determinations of discrimination.
 {¶ 15} In Ofat v. Ohio Civ. Rights Comm.[14] the Commission also did not conduct an evidentiary hearing, but investigated the matter and found no probable cause of discrimination. The trial court, employing the correct standard, found that the Commission's no probable cause determination was "unlawful, irrational, arbitrary and capricious." The appellate court, however, employed an improper standard of review by reviewing the investigatory record in order to determine whether the Commission's findings were supported by "reliable, probative, and substantial evidence." Therefore, the Ofat court advocated a different standard of review for the appellate court, but did not dispute the trial court's standard of "unlawful, irrational, arbitrary, and capricious." Because HAI does not dispute that our review is limited to an abuse of discretion standard, the Ofat
case does not support HAI's argument.
 {¶ 16} Moreover, in other opinions, the Seventh District rejected the argument that the reliable, probative, and substantial evidence standard applies and adopted the unlawful, irrational, arbitrary and capricious standard.[15] In fact, in the case of Pierson, the Seventh District directly citedMcCrea in stating the standard of review.
 {¶ 17} Based on our analysis of the relevant statutes and case law, we conclude the trial court adopted the correct standard of review in issuing its decision. Accordingly, HAI's third assigned error is overruled.
 Trial Court's Decision {¶ 18} Having found that the correct standard of review was applied, we now turn to HAI's first and second assigned errors and address the question of whether the court of common pleas abused its discretion when it upheld the Commission's finding of no probable cause.
 {¶ 19} This court's review on appeal is more limited than the trial court's review. We review a common pleas court's affirmance of a "no probable cause" finding under an abuse of discretion standard.[16] An abuse of discretion exists when we conclude that the trial court's decision is unreasonable, arbitrary, or unconscionable.[17]
 {¶ 20} In reaching its determination that no probable cause existed, the Commission considered the position statements for each insurance company; rate filing and base rate determination documents submitted by each insurance company and approved by the Ohio Department of Insurance; a study conducted by the Insurance Research Council entitled: Homeowners Loss Patterns in EightCities, 1997; actuarial interviews with actuaries for each of the named insurance companies; and an independent, statistical review and analysis conducted by Dr. George Galster.
 {¶ 21} Based on these sources of information, the Commission found the insurance rates were not discriminatory because they were based on "actuarially sound" methods of calculating homeowners' insurance rates and that the companies' base rates were supported by "historical loss data, observable loss trends, identifiable risk calculations and numerous other factors widely accepted in the development of insurance rates."[18]
Therefore, the rates were based on insurance risk, not race.
 {¶ 22} Risk assessment is widely accepted as a legitimate insurance actuarial principle. Ohio's insurance statute expressly permits risk classification based on "size" and "location" of the risk.[19] The United States Supreme Court has stated that the theory of insurance is "the distribution of risk according to hazard, experience, and the law of averages. These factors are not within the control of insuring companies in the sense that the producer or manufacturer may control cost factors."[20]
Nothing is more fundamental to the business of insurance than charging insurance rates that reflect insurance risk of loss.[21] "Risk discrimination is not race discrimination."[22] Therefore, setting insurance rates and territories according to actual incurred losses does not constitute race discrimination.
 {¶ 23} The Commission also determined that its analysis of the rating practices also showed "no meaningful or significant difference exists between the homeowners insurance base rates charged to African-American, Hispanic and White homeowners."[23] Therefore, the investigation did not find support for HAI's allegation of rates being based on race.
 {¶ 24} Based upon a consideration of the Commission's factual findings related to the insurance industries' practices in setting the base rates, and finding there was no difference between the rates being charged to minority and white homeowners, the trial court did not abuse its discretion in concluding that the determination of the Commission was not unlawful, irrational, arbitrary, or capricious.
 {¶ 25} HAI also criticizes the Commission's manner of investigating its claims. HAI claims that under R.C. 4112.05, after the Commission receives a response to a charge, the party bringing the charge is afforded the opportunity to present evidence to rebut the response. Our reading of R.C. 4112.05 does not support this view. Under R.C. 4112.05, upon receiving the charge, the Commission initiates a preliminary investigation and is required to "retain as confidential all information that was obtained as a result of or that otherwise pertains to a preliminary investigation." This language excludes the opportunity to present rebuttal information to the information obtained by the Commission, because the Commission must keep the information it obtains confidential.
 {¶ 26} Moreover, HAI's criticisms regarding the manner in which the Commission conducted its investigation are irrelevant to this court's review of the lower court's decision. The Ohio Supreme Court has concluded the "commission has discretion in determining the type of investigation taken."[24]
Therefore, because the "nature, extent, scope, and depth" of the investigation are within the Commission's discretion,[25]
HAI's criticisms do not demonstrate the Commission's determination was unlawful, irrational, arbitrary or capricious. Accordingly, HAI's first and second assigned errors are overruled.
 Trial Court Erred in Striking Attachments {¶ 27} In its fourth assigned error, HAI contends the trial court should not have stricken various documents attached to its petition. HAI argues the documents prove the inadequacy of the Commission's investigation of the discrimination charges and provide support for its theory of discriminatory treatment.
 {¶ 28} R.C. 4112.06(D), which permits the admission of additional evidence, only applies when an evidentiary hearing has been held by the Commission.[26] When a claimant appeals to the common pleas court from a "no probable cause" determination of the Commission, the common pleas court acts as a reviewing court. Thus, under the relevant standard for reviewing the Commission's no probable cause determination, the common pleas court must base its decision on the record as prepared by the Commission.[27] Therefore, if the common pleas court were to receive "additional evidence" in an appeal from a "no probable cause" finding, it would exceed its proper role on appeal.[28] Accordingly, HAI's fourth assigned error is overruled.
 Motion for Relief from Judgment {¶ 29} In its fifth assigned error, HAI argues the trial court erred by failing to grant its motion for relief from judgment. We disagree.
 {¶ 30} This court has previously held that a motion for relief from judgment is not permissible in administrative appeals.[29] HAI argues these cases are distinguishable because they concern appeals brought pursuant to R.C. 119.12. The basis for our decision in those cases, however, was the statutory language in R.C. 119.12, which states that the "judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal." We concluded this language excludes the remedy provided by Civ.R. 60(B) because the statute makes no provision for relief from the common pleas court's judgment, except by further appeal.
 {¶ 31} R.C. 4112.06(F) provides similar language stating, "[The court's] judgment and order shall be final subject to appellate review." This language also excludes Civ.R. 60(B) relief because it only provides relief from the trial court's judgment by virtue of further appeal.
 {¶ 32} Nonetheless, if the court had jurisdiction to consider HAI's motion for relief from judgment, it correctly denied the motion. HAI sought to introduce evidence that was not before the Commission. Although R.C. 4112.06(D) permits the court to allow the admission of additional evidence, R.C. 4112.06(D) only applies after an evidentiary hearing has been conducted.[30] In the instant case, no evidentiary hearing took place; therefore, the court may not consider newly discovered evidence.
 {¶ 33} HAI also demands relief on the basis that the Commission's and trial court's "rigid, and mechanical interpretation of Ohio Law" in failing to allow it to introduce evidence, violated its constitutional right to due process. HAI never asserted this argument before the trial court; therefore, HAI has waived the issue for purposes of appeal to this court.[31]
 {¶ 34} However, even if we address the merits of HAI's argument, it fails. HAI relies on the United States Supreme Court case of Logan v. Zimmerman Bush Co.[32] in support of its argument. In Logan, the Fair Employment Practices Commission failed to follow statutory procedure in scheduling a hearing after the required 120-day period expired. In the instant case, the Commission followed all statutorily mandated procedures in reviewing HAI's charges. Because the Commission dismissed HAI's charges based on the finding of no probable cause, no evidentiary hearing, where evidence would be presented and reviewed, was conducted. Therefore, HAI has not been deprived of an "entitlement ground in state law" as the plaintiff in Logan
was.
 {¶ 35} In fact, the court in Salazar v. Ohio Civ. RightsComm.[33] held that the lack of "an adversary-oriented, evidentiary hearing" during the Commission's investigation of a discrimination charge did not violate constitutional due process. Similar to the instant case, the plaintiff in Salazar argued that his due process rights were violate because he was unable to reply to the evidence gathered by the Commission during its preliminary investigation. Therefore, pursuant to Salazar,
because HAI was never entitled to an evidentiary hearing at the investigatory stage, he did not have a protected right to present evidence. Accordingly, HAI's fifth assigned error is overruled.
 {¶ 36} Finally, the trial court in its entry expressed agitation that this court remanded the matter for a ruling on the pending Civ.R. 60(B) motion. This court routinely remands cases for a ruling so that all the issues relating to the case are addressed, when possible, in one opinion. The remand was a request for a ruling on a pending matter. We in no way indicated that the trial court had jurisdiction. Furthermore, because the trial court had to eventually rule on the motion, even to merely deny it for lack of jurisdiction, our requiring it to do so earlier, rather than later, should not have constituted an inconvenience to the court.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, Judge Cooney, P.J., and Corrigan, J., Concur.
 APPENDIX Appeal No. 86444:
 "I. The trial court erred because the record before the courtproved that the practices of appellee insurance companiesdirectly results in unlawful racial and ethnic discrimination."
 "II. The trial court erred by finding that the Ohio CivilRights Commission's determination of "no probable cause" was notunlawful, irrational, and/or arbitrary and capricious."
 "III. The Ohio courts of appeal are divided on the question ofthe appropriate method of review of commission determinations butthis court should adopt a reliable, probative, and substantialevidence standard."
 "IV. The trial court erred by striking the attachments toappellant HAI's brief, and thereby failed to consider reliableand neutral authority on the issue of what constitutes a fairinvestigation into the conduct of appellee insurance companies."
 Appeal No. 87305:
 "I. The trial court erred in denying plaintiff-appellant'smotion for relief from judgment."
[1] The appellees consist of the following insurance companies: Ohio Casualty Ins. Co., West American Insurance Co., American Fire and Casualty Co., Economy Premier Insurance Co., United Ohio and Hastings Insurance Co., Foremost Signature Insurance Co., Exact Property Casualty Co., Neighborhood Spirit Property 
Casualty Co., Civic Property Casualty, Western Reserve Mutual Cas. Co., Lightning Rod Mutual Ins. Co., Western Reserve Group, National Mutual Insurance Co., Central Mutual Insurance Inc., All American Insurance Co., Midwestern Indemnity Co., Hartford Underwriters Insurance Co., Property and Casualty Insurance Co. of Hartford, Travelers Indemnity Co. of America, The Standard Fire Insurance Co., Travelers Indemnity Co. of Connecticut, General Insurance Co. of America, Safeco Insurance Co. of America, and Meridian Security Insurance Co.
[2] See appendix.
[3] On March 31, 2003, HAI filed the identical charges against seven other insurance companies. The Commission found no probable cause regarding those charges. The trial court found it did not have jurisdiction to review the probable cause determination because the appeal was untimely filed. This court affirmed the trial court's decision in Hous. Advocates, Inc. v. Farmers Ins.Co., Cuyahoga App. No. 86775, 2006-Ohio-2467.
[4] Letter of Determination, page 3.
[5] Journal Entry, April 26, 2005.
[6] (1984), 20 Ohio App.3d 314.
[7] Id. at 316.
[8] Id. at 317.
[9] See, e.g., Salazar v. Ohio Civil Rights Comm. (1987),39 Ohio App.3d 26; Yeager v. Ohio Civil Rights Comm'n., 11th
Dist. No. 2004-T-0099, 2005-Ohio-6151; Kutz v. Ohio EducationAssociation and Ohio Civil Rights Comm. (Mar. 1995), 10th
Dist. No. 94APEO67-81; Baker v. Schuler Engineering Co., andOhio Civil Rights Comm. (July 5, 1991), 5th Dist. No. CA-3595; Castle v. Kelsey-Hayes Co. (July 9, 1990), 5th Dist. No. 89-CA-39.
[10] Zafirau v. Ohio Civil Rights Comm., Cuyahoga App. No. 85882, 2005-Ohio-6361; Coe v. City of Cleveland (Mar. 23, 1989), Cuyahoga App. No. 55126; Bokel v. Ohio Civil RightsComm. (July 28, 1988), Cuyahoga App. No. 55103.
[11] McCrea, supra.
[12] Williams v. Ohio Civ. Rights Comm., 7th Dist. No. 00 CA 37, 2001-Ohio-3191; Ofat v. Ohio Civ. Rights Comm. (May 17, 1995), 7th Dist. No. 94-J-31.
[13] The Williams court cited Ohio Civ. Rights Comm. v. CaseW. Res. Univ. (1996), 76 Ohio St.3d 168, 177, Cleveland Civ.Serv. Comm. v. Ohio Civ. Rights Comm. (1991), 57 Ohio St.3d 62,65, and, Miami Univ. v. Ohio Civ. Rights Comm. (1999),133 Ohio App.3d 28.
[14] (May 17, 1995), 7th Dist. No. 94-J-31.
[15] Brandy v. Ohio Civ. Rights Comm. (June 7, 1986), 7th Dist. No. 84-CA-179; Pierson v. Ohio Civ. Rights Comm. (Sept. 27, 1987), 7th Dist. No. 703.
[16] McCrea, supra.
[17] Id.; Cleveland Civil Serv. Comm. v. Ohio Civil RightsComm. (1991), 57 Ohio St.3d 62, 65; Yeager v. Ohio Civil RightsComm. (2002), 148 Ohio App.3d 459, 462.
[18] Letter of Determination, at 3.
[19] R.C. 3937.02(C).
[20] Group Life Health Ins. Co. v. Royal Drug Co. (1979),440 U.S. 205, 99 S.Ct. 1067.
[21] N.A.A.C.P. v. American Family Mut. Ins. Co. (Cir. 7, 1992), 978 F.2d 287, 291.
[22] Id. at 290.
[23] Letter of Determination, page 4.
[24] (1985), 17 Ohio St.3d 215, 216. See also, Bokel v. OhioCiv. Rights Comm. (July 28, 1998), Cuyahoga App. No. 55103 ("the commission has discretion * * * in determining the type of investigation to conduct.")
[25] Pierson v. Ohio Civ. Rights Comm. (Sept. 22, 1987), 7th Dist. No. 403.
[26] Kutz v. Ohio Edu. Assn. and the Ohio Civil Rights Comm.
(Mar. 16, 1995), 10th Dist. No. 94APE06-781; Murray v. OhioCivil Rights Comm. (Mar. 3, 1986), 2nd Dist. No. 9389; Gross v.Health Enterprises of America (Jan. 30, 1986), 2nd Dist. No. 85CA34.
[27] May v. Ohio Civil Rights Comm. (1989),58 Ohio App.3d 56, 57.
[28] Id.; R.C. 4112.05 and 4112.06.
[29] Buchler v. Ohio Dept. of Commerce (1996),110 Ohio App.3d 20; Calhoun v. Ohio Bureau of Employment Servs. (1979),64 Ohio App.2d 87. See also, McConnell v. Ohio Bureau of Emp.Servs. (Sept. 3, 1996), 10th Dist. No. 96APE03-360; Giovanettiv. Ohio State Dental Bd. (1990), 66 Ohio App.3d 381, 383.
[30] Kutz, supra; Murray v. Ohio Civ. Rights Comm. (Mar. 3, 1986), 2nd Dist. No. 9389.
[31] Abraham v. National City Bank Corp. (1990),50 Ohio St.3d 175, 176.
[32] (1982), 455 U.S. 422.
[33] (1987), 39 Ohio App.3d 26.