JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Pro se plaintiff Leroy Creasey, Jr. (appellant) appeals the judgment of the Cuyahoga County Common Pleas Court, which affirmed the no probable cause determination by appellee Ohio Civil Rights Commission (OCRC) regarding appellee Cuyahoga County Veterans Service Commission's (CCVSC) alleged discrimination against him. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On January 13, 2006, appellant filed a discrimination charge with OCRC, alleging that CCVSC discriminated against him on the basis of his race when it harassed him and withheld assistance pending a drug assessment. On March 26, 2006, appellant filed an amended/supplemental complaint, alleging the additional discriminatory act of failing to notify him of various hearings, and repeating his original allegations. On May 11, 2006, OCRC issued a no probable cause finding, based on the conclusion that CCVSC is not a place of public accommodation, as appellant listed in his original charge. Appellant requested reconsideration, and OCRC issued a subsequent determination on October 26, 2006, with a thoroughly researched and analyzed finding of no probable cause, based on the conclusion that appellant did not establish a prima facie case of discrimination. Pursuant to R.C. 4112.06, appellant filed for judicial review of the OCRC determination and on May 30, 2007, the court issued a decision stating that OCRC's findings were not unlawful, irrational, arbitrary, or capricious. It is from this order that appellant appeals. *Page 4 
 II. {¶ 3} In his sole assignment of error, appellant argues that "the trial court failed [sic] protect appellant's rights to due process of law in an administrative proceeding." Specifically, appellant argues that the trial court abused its discretion by failing to "ask appellees 1) their reason for not addressing appellant's amended/supplemental complaint; [and] 2) * * * inquire from CCVSC as to their reason(s) for not issuing a notice to attend hearing based upon accusations of theft of funds from appellees in amount of $743.00."
 {¶ 4} Appellate court review of the instant case is limited to whether the trial court abused its discretion. Hous. Advocates, Inc. v. Am. Fire Cas. Co., Cuyahoga App. Nos. 86444 and 87305, 2006-Ohio-4880. The trial court correctly reviewed OCRC's no probable cause determination under an "unlawful, irrational, arbitrary, or capricious" standard of review, and it is this decision which we must review for an abuse of discretion. Id.
 {¶ 5} Appellant is acting pro se in the instant matter and, despite the wording of his assignment of error, he essentially asks us to conduct a de novo review of the OCRC determination. This we cannot do. A reviewing court will not substitute its judgment for that of a government agency or commission in a properly entered order. SeeState ex rel. Ohio Assn. of Public School Employees v. Civil ServiceComm. of Girard (1976), 45 Ohio St.2d 295. What we are authorized to review is *Page 5 
whether the trial court abused its discretion by failing to address what appellant alleges the OCRC shortcomings were.
 {¶ 6} As to appellant's first argument — that OCRC did not address the supplemental complaint he filed on March 26, 2006 — we conclude that the trial court did not abuse its discretion regarding this issue because OCRC did address his March 26, 2006 complaint in both its May 11 and October 26, 2006 determinations of no probable cause.
 {¶ 7} As to appellant's second argument — that OCRC did not notify him of various hearings — we conclude that the court did not abuse its discretion regarding this issue because appellant put forth no evidence from the record regarding the hearings or supporting his allegation that OCRC failed to notify him of such. In addition, appellant cites no legal authority regarding this argument.
 {¶ 8} Accordingly, there is no evidence in the record that the court abused its discretion, and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1